UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD E. MUDICA, III,

    Plaintiff,

v.                                                                            CAUSE NO. 3:19-CV-1090-DRL-MGG

WEXFORD MEDICAL,

    Defendant.

## OPINION AND ORDER

Donald E. Mudica, III is a prisoner at the Westville Correctional Facility who, without a lawyer, filed a motion asking for preliminary injunctive relief. ECF 1. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Mr. Mudica did not file a complaint. Nevertheless, the court will construe the motion as both a preliminary injunction motion and a complaint asking for injunctive relief.

Mr. Mudica alleges he has "symptoms of late stage cancer including knots, sores that won't heal, and nausea." ECF 1 at 1. He alleges that medical staff at Westville examined a lump in his mouth and determined it is a "only a cyst," but Mr. Mudica does not agree with that assessment. *Id.* He believes that the only way to determine whether the lump is cancerous is to have a biopsy or an MRI, which he asks the court to order.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Here, Mr. Mudica has not provided a sufficient factual basis for his injunctive relief claim that he is being denied constitutionally adequate medical care. He alleges that, after a delay of several months, he has now been evaluated and diagnosed by the medical staff

for the lump in his mouth. Importantly, Mr. Mudica does not allege that he is failing to receive treatment for his specific symptoms. He simply disagrees with the diagnosis of the medical staff and demands additional testing in the form of a biopsy or MRI. Without additional factual detail, it is not possible to infer plausibly that his current care is constitutionally inadequate. *See e.g. Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice); *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) ("medical professionals are not required to provide 'proper' medical treatment to prisoners, but rather they must provide medical treatment that reflects 'professional judgment, practice, or standards'"); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("Constitution is not a medical code that mandates specific medical treatment").

A complaint must contain enough factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). As presented, Mr. Mudica has not stated a claim for injunctive relief.

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original).

> To obtain a preliminary injunction, a plaintiff must first show that: (1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of success on the merits. If a plaintiff makes such a showing, the court next must weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one. This assessment is made on a sliding scale: The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor. Finally, the court must ask whether the preliminary injunction is in the public interest, which entails taking into account any effects on non-parties. Ultimately, the moving party bears the burden of showing that a preliminary injunction is warranted.

*Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) (citations and quotation marks omitted).

Here, Mr. Mudica has no chance of success on the merits because he has not alleged sufficient facts to state a claim. As such, he has not met his burden for preliminary injunctive relief. Nevertheless, if he has facts to support his allegation that he is being denied constitutionally adequate medical care, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). To do so he must place this cause number on a blank **Prisoner Complaint (INND Rev. 8/16)** form, which is available from the law library. As the instructions on the court's complaint form explain, Mr. Mudica needs to write a short and plain statement telling what each defendant he is suing is doing wrong. He needs to explain when, where, why, and how each defendant is violating his rights. Mr. Mudica must also resolve his filing fee status either by paying the full filing fee or by seeking leave to proceed *in forma pauperis*.

For these reasons, the court:

(1) DENIES the motion for preliminary injunction (ECF 1);

(2) GRANTS Donald E. Mudica, III, until **January 8, 2020** to file an amended complaint and resolve his filing fee status; and

(3) CAUTIONS Donald E. Mudica, III, if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice.

SO ORDERED.

November 26, 2019 				*s/ Damon R. Leichty*
						Judge, United States District Court