UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD E. MUDICA, III,

   Plaintiff,

 v.              CAUSE NO. 3:19-CV-1090-DRL-MGG

DR. JACKSON, *et al.*,

   Defendants.

## OPINION AND ORDER

Donald E. Mudica, III, a prisoner without a lawyer, initiated this case by filing a motion for preliminary injunctive relief. ECF 1. The court construed the motion as both a preliminary injunction and a complaint asking for injunctive relief; however, because Mr. Mudica did not provide a sufficient factual basis for his claim that he is being denied constitutionally adequate medical care, the court denied the motion and ordered him to file an amended complaint. ECF 2.

Mr. Mudica has since filed an amended complaint (ECF 3), a motion to proceed *in forma pauperis* (ECF 4), and an amended motion for a preliminary injunction (ECF 5). Several additional motions were docketed the next day, some of which are duplicate copies of previously filed documents and all of which are unsigned. ECF 6, 7, 8. A letter he sent to the court on January 21, 2020, states that the later filed documents, which he describes as "incomplete" and "not the correct files," were mistakenly sent to the court by the law library staff. ECF 9. He indicates that the correct amended complaint is the handwritten one, which was docketed first. *Id.* Therefore, the court will proceed to screen the handwritten amended complaint (ECF 3) and the amended request for a preliminary injunction (ECF 5) that was filed along with it. The later filed documents (ECF 6, 7, 8) will be stricken

both because they are unnecessary and because they are unsigned.[1] *See* Fed. R. Civ. P. 11(a) (requiring every "pleading, written motion, and other paper" to be signed, and mandating that the court strike unsigned documents).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Mudica arrived at the Westville Correctional Facility (WCF) in April 2019 with preexisting health problems. On April 17, 2019, he requested to be seen for pain in his head, neck, shoulders and ears as well as his sinus drainage issues. He was told that nothing could be done until he released his medical records from his primary care physician to the medical staff at WCF. Approximately a month later, he submitted another request to be seen for pain on and under his jaw in the gland area as well as a sore throat. On May 23, 2019, Nurse Hutchison prescribed an antibiotic and prednisone, but the condition continued to worsen. Mr. Mudica describes "pain from my shoulders up through the back of my neck, to my jaw and ear area ending at the back of my head." ECF 3 at 2. He also describes "popping of my jaw near my ear indicating pressure" that became "very painful when I chewed or spoke." *Id.* He requested but did not receive treatment for those symptoms in June. An x-ray of his skull performed in July indicated "mild changes." *Id.* at 3. Mr. Mudica alleges that although he visited Dr. Liaw on July 1, 2019, he was not evaluated or treated. He submitted several healthcare requests in

---

[1] ECF 6 and ECF 7 are unsigned but otherwise duplicate copies of the amended motion for a preliminary injunction found at ECF 5. ECF 8 is an unsigned motion requesting permission to amend his complaint, along with: (1) an unsigned affidavit (ECF 8-1) that is otherwise identical to the signed version he provided with the earlier filed amended complaint (*see* ECF 3-2); and (2) an unsigned typewritten amended complaint (ECF 8-2).

August for the same symptoms, but medical simply responded that his concerns had already been addressed.

Mr. Mudica's blood was drawn in September to look for infections. On November 6, 2019, he visited Dr. Jackson who diagnosed his issues as a "cyst" and told him that "nothing" would be done for it. *Id.* at 4. When he complained that his symptoms were progressing and that he was feeling severe pressure and pain in his head and face later that month, he was told that his concerns had already been addressed and that he should get pain medication from the commissary.

On December 9, 2019, he submitted a healthcare request stating, "The cyst in my mouth is getting bigger and has worsened. I am having neck pain and headaches. I need to be seen [because] it is becoming difficult to speak!" *Id.* at 5. Medical responded on December 11, 2019. However, in response to another request Mr. Mudica submitted several days later for the worsening pain in his head, jaw, and ears, medical responded by stating that "this has been addressed." *Id.* Mr. Mudica alleges that, as of December 31, 2019, he has not been seen or treated for the worsening symptoms since his diagnosis in November.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that

harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). In fact, "medical professionals are not required to provide 'proper' medical treatment to prisoners, but rather they must provide medical treatment that reflects 'professional judgment, practice, or standards.'" *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("[T]he Constitution is not a medical code that mandates specific medical treatment."). That said, when "prison officials utterly fail to provide care for a serious medical condition, the constitutional violation is obvious." *Campbell v. Kallas*, 936 F.3d 536, 548 (7th Cir. 2019).

Here, Mr. Mudica alleges he has made the medical professionals aware that his symptoms and pain have substantially worsened since his diagnosis in November but that they have essentially ignored his requests for help. Giving Mr. Mudica the benefit of the inferences to which he is entitled, he has stated a plausible claim for deliberate indifference under the Eighth Amendment.

He has sued Dr. Jackson, Dr. Liaw, and Nurse Hutchison for injunctive relief to obtain "correct medical diagnosis and treatment." ECF 3 at 7. However, it is the warden who is "a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the claims against Dr. Jackson, Dr. Liaw, and Nurse Hutchison will be dismissed, and he may proceed against the Warden of the Westville Correctional Facility in his official capacity to obtain an injunction for constitutionally adequate medical care. That said, Mr. Mudica is reminded that a mere disagreement with a diagnosis does not violate the Constitution, and he cannot dictate how such medical care is provided. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (Prison Litigation Reform Act mandates that "remedial

4

injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right.") (internal quotation marks, brackets, and citations omitted)); *see also Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997) (inmates are "not entitled to demand specific care [nor] entitled to the best care possible"). Therefore, injunctive relief—if granted—would be limited to requiring that the Warden ensure Mr. Mudica receives medical treatment for his worsening symptoms in his head, ears, and jaw related to the cyst and sores in his mouth to the extent required by the Constitution.

Finally, Mr. Mudica has filed a motion for preliminary injunctive relief. A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis in original).

> To obtain a preliminary injunction, a plaintiff must first show that: (1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of success on the merits. If a plaintiff makes such a showing, the court next must weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one. This assessment is made on a sliding scale: The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor. Finally, the court must ask whether the preliminary injunction is in the public interest, which entails taking into account any effects on non-parties. Ultimately, the moving party bears the burden of showing that a preliminary injunction is warranted.

*Courthouse News Serv. v. Brown,* 908 F.3d 1063, 1068 (7th Cir. 2018) (citations and quotation marks omitted). The court will defer ruling on the motion until the Warden has filed a response and Mr. Mudica has had an opportunity to reply.

For these reasons, the court:

(1) STRIKES the unsigned documents (ECF 6, 7, 8);

(2) DIRECTS the clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant;

(3) GRANTS Donald E. Mudica, III, leave to proceed against the Warden of the Westville Correctional Facility in his official capacity for injunctive relief to ensure he is provided with constitutionally adequate medical care for the worsening symptoms in his head, ears, and jaw related to the cyst and sores in his mouth as required by the Eighth Amendment;

(4) DISMISSES the Dr. Jackson, Dr. Liaw, and Nurse Practitioner Hutchison;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request Waiver of Service from (and, if necessary, the United States Marshals Service to serve process on) the Warden of the Westville Correctional Facility at the Indiana Department of Correction with a copy of this order, the amended complaint (ECF 3), and the motion for preliminary injunction (ECF 5), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), the Warden of the Westville Correctional Facility to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which Donald E. Mudica, III, has been granted leave to proceed in this screening order; and

(8) ORDERS the Warden of the Westville Correctional Facility to file and serve by **February 24, 2020** a response to the motion for preliminary injunction (ECF 5) with a sworn statement (and supporting medical documentation as necessary) explaining how Donald E. Mudica, III, is receiving constitutionally adequate medical care for the worsening symptoms in his head, ears, and jaw related to the cyst and sores in his mouth as required by the Eighth Amendment.

SO ORDERED.

February 4, 2020                                 *s/ Damon R. Leichty*
                                                                 Judge, United States District Court